## CIRCUIT COURT OF THE CITY OF RICHMOND

Rudy E. Walden

v.

Inez Seredni et al.

February 10, 1975

Case No. 6078

BY JUDGE ALEX H. SANDS, JR.

This case is now before the court upon two motions to set aside a verdict in the amount of $8,000.00 rendered in favor of the plaintiff at the trial of the case on December 13, 1974. Defendant moves that the verdict be set aside as contrary to the law and the evidence and without evidence to support it and that final judgment be entered for defendant, and plaintiff moves that the verdict be set aside as inadequate and that a new trial be awarded limited to the issue of damages.

Plaintiff's statement of fact as derived from the evidence as it appears in plaintiff's brief is correct, complete, and unbiased and is adopted by the court in its entirety.

The evidence is basically without conflict. On October 23, 1971, Rudy Walden went to Gregory's Inn in the early afternoon as a business invitee for the dual purpose of using the restroom facilities and to purchase a beer. He had been in the establishment, which was operated by the defendant, several times over a period of two or three years and knew where the restroom was located.

Walden purchased a beer and, after taking a few sips, proceeded to the restroom. It was located in the basement, and access was gained by means of a stairway located in the rear portion of the restaurant. He opened the basement door, noticed that the stairway looked wet like water was on it, and the light was dim. On direct examination, he testified that he opened the door and started down and remem-

bered nothing from sometime thereafter. He indicated on cross examination that the last thing he remembered was opening the door.

There were no eyewitnesses to what actually occurred thereafter. Walden received severe head injuries, including a basal skull fracture and clot on the frontal lobe of his brain which left him confused and out of his head for approximately ten days. He has no memory of the event. A fellow patron, Ford, observed him proceed to the basement door, open it, and start down. A short time later, estimated at from several to no longer than five minutes, another patron, Mills, went to the door and exclaimed, "Whoops, someone has fallen."

Walden was found standing adjacent to the steps, facing them, and bleeding from the left ear. There was a pool of blood and mucus at his feet. He made no comment on what had happened. Mr. Ford, who went down to assist Walden, testified the steps were dry and the basement lights were on.

Walden came upstairs, called his wife, and advised her he had been hurt, and then left without assistance.

The steps themselves were old and were at the time in the general condition as shown in the photographic evidence which was introduced. The premises were constructed in 1922, and these stairs were probably built then. They have not been changed, altered, or repaired during the exclusive occupancy of the defendant since 1966.

The steps consist of ten treads and are steep, 44 degrees. The treads are narrow, worn, chipped, and slippery by virtue of wear. The right handrail is twenty inches short of the bottom landing. The expert, George Hunt, testified the steps were hazardous and slippery and that by the simple application of a non-slip strip of adhesive on each tread at an expense of approximately twenty-five to fifty dollars, they could have been made much less so.

There was no warning or notice of any kind on the premises regarding the condition of the stairs. Walden was wearing rubber soled boots, work boots with a ¾ inch heel.

### Issues

These facts present but these two issues:

1. Is there sufficient evidence to support a finding by the jury that defendant was guilty of negligence which was the proximate cause of injury sustained by plaintiff?

2. If so, was the verdict so inadequate that it can be interfered with by the court?

## I. *Issue of Proximate Cause*

That there is evidence of water upon the stairs from which the jury might infer negligence upon the part of the defendant is not helpful to plaintiff for two reasons: (a) that there is no evidence that this caused his fall (if indeed he did fall), and (b) that even if this were true, plaintiff's admission that he saw the condition before undertaking to descend the stairs would bar his recovery upon this ground.

It must also be conceded by defendant that there is evidence that the general condition of the stairs was not good due to excessive wear and insufficiency of width of the treads, and of lesser importance that the handrail lacked twenty inches of reaching the bottom of the stairs. The evidence, viewing it as the court must, in the light most favorable to plaintiff, is completely lacking in any suggestion (other than the rankest surmise) as to how this unfortunate accident occurred. Did plaintiff actually fall down the stairs, or did the offset basin at the bottom throw him off balance after he had reached the bottom? Plaintiff does not testify that he fell, nor did anyone else see him fall. While there were other persons in proximity to the stairs, no one testified to having heard the slightest noise. It is almost inconceivable that a man of plaintiff's proportions could have fallen headlong down a flight of stairs so silently as not to have created sufficient noise to have attracted the attention of persons in the small area above. Nor is there evidence from which the jury could have concluded that the door had been closed by plaintiff before descent, thus muffling the noise of a fall.

But suppose that the jury were justified in inferring that plaintiff did in fact fall. Where is there evidence of what caused his fall? Did he slip due to water upon the stairs (of which he was cognizant), or because of an insecure footing due to the abbreviated width of the tread (which had existed since 1922), or perhaps due to the worn condition of the treads, or perhaps the twenty inch space at the bottom of the stairs where there was no handrail?

It must be readily conceded that the generally accepted principle which is followed in this jurisdiction is that a plaintiff is not required to testify to a *specific cause for his fall if the evidence logically points to one. Charles v. Commonwealth Motors*, 195 Va. 576 (1954). This principle, however, is bottomed upon the underscored portion of the above statement.

Having reviewed the authorities relied upon in support of the respective positions of plaintiff and defendant, the court is convinced that the case of *State-Planters Bank & Trust Co. v. Gans*, 172 Va. 76 (1939), is factually undistinguishable from the case at bar and is dispositive of the legal issues involved.

There, as here, while there was ample evidence of negligent maintenance of the entrance to the bank, there was no evidence sufficient to establish any causal connection between this condition and the fall. Gans could have stumbled or could have lost his balance for any number of reasons (perhaps even a backward glance at a mini-skirted secretary passing in the opposite direction), which act could have equally caused his fall. The court held that causal connection had not been established. *Gans*, in fact, was far stronger from a plaintiff's point of view than is the case at bar, for there a *fall* was established.

To establish causal connection in the case at bar between plaintiff's alleged negligence and plaintiff's injury, the jury must be permitted to infer (1) that plaintiff's injuries resulted from a fall, (2) that the fall was occasioned by the defective width of the tread of the steps or by insufficient length of the handrail, and (3) that it was not caused by water upon the stairs (which plaintiff admits having seen) before he undertook to descend the stairs. Such action on the part of the jury would of necessity have to be founded upon an inference based upon an inference. This cannot be permitted.

## II. *Issue of Damages*

In view of the above, the plaintiff's motion becomes of academic interest only. It is the court's belief, however, that in any event, the configuration of the evidence in this case places it squarely under the first category of *Rawle v. McIlhenny*, 163 Va. 735 (1934).

For the above reasons, the verdict will be set aside and final judgment will be entered for defendant.